On January 4, 1998, the cashier at a Clark gas station in Hamilton heard someone enter the store. The cashier observed a white male, ultimately identified as appellant, wearing black clothes, a ski mask and carrying a sawed-off shotgun. The cashier particularly remembered appellant's "very blue eyes." Appellant put the barrel of the gun to the cashier's neck and robbed the store of approximately $262. Appellant was later apprehended with approximately $200 and was arrested. Pursuant to the consent of appellant's mother, the police searched appellant's room and found a sawed-off shotgun and a ski mask.
Appellant was indicted on one count each of aggravated robbery with a firearm specification and use of a dangerous ordinance. After a jury trial, appellant was convicted on both counts and sentenced accordingly. From his conviction, appellant filed a timely notice of appeal and presents two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO APPOINT AN INVESTIGATOR AND DEFENDANT-APPELLANT'S MOTION TO INQUIRE OF THE JURY ABOUT ALLEGED COMMENTS MADE BY A JUROR DURING A BREAK IN THE TRIAL [sic] REGARDING THEIR HAVING REACHED A DECISION ABOUT ERIC GIACCI'S GUILT, IN VIOLATION OF ALL THE JUDGE'S ADMONITION NOT TO DISCUSS THIS CASE AND TO WAIT UNTIL ALL EVIDENCE IS RECEIVED BEFORE MAKING A DETERMINATION OF GUILT, AND IN VIOLATION OF THE DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR AND IMPARTIAL JURY.
Assignment of Error No. 2:
 THE PROSECUTOR'S CONDUCT PRIOR TO AND DURING THE COURSE OF THE TRIAL ROSE TO THE LEVEL OF MISCONDUCT SUCH THAT THE JUDGE ERRED IN NOT GRANTING A MISTRIAL AND ERRED IN LATER DENYING A MOTION FOR A NEW TRIAL.
In the first assignment of error, appellant argues that he was denied a trial before a fair and impartial jury. We disagree.
During the trial, trial counsel for appellant claimed that one of the jurors stated to "coworkers' [sic] or people in his neighborhood" that "[t]hey have the money, they have the gun, I'm voting to convict him", or "I'm voting for guilty." The alleged comments apparently "got back" to people at the "Kocolene Gas Station" in Hamilton, including a witness for appellant, Brian Colvin. Trial counsel for appellant actually "confirmed" these comments through the manager of the gas station, Rich Schwartz. The only description of the juror was that he had "long hair." Appellant's trial counsel agreed that juror four, William Tinsley, was the juror with "long hair." Upon questioning by the trial judge, Tinsley indicated that he was in Newport, Kentucky all weekend. At this point, appellant's trial counsel stated that he just noticed another juror with "longer hair" and requested that the trial court question that juror as well. The trial court asked for a more detailed description of the alleged juror. The defense was unable to produce one. The trial court concluded appellant's concerns of juror bias was based completely on multiple hearsay and continued with the trial without further investigation. Appellant's motion for a mistrial and subsequent motions for an investigator and/or a new trial were all overruled.
In order to reverse a conviction due to juror misconduct, appellant must demonstrate that the trial court abused its discretion by failing to further investigate appellant's allegations and/or grant appellant a mistrial. See State v. Keith (1997),79 Ohio St.3d 514, 527, certiorari denied (1998), __ U.S. __,118 S.Ct. 1393. We have recently reiterated that "whenever a trial court learns of any improper outside communication with the jury, it must hold a hearing to determine whether the communication biased the jury and then, if so, declare a mistrial." State v.Barefield (Feb. 18, 1997), Butler App. No. CA96-05-094, unreported, at 9 (citations omitted). In this case, appellant's allegation was not supported by any direct evidence, but instead grounded in a series of alleged multiple hearsay declarations. Nevertheless, the trial court properly conducted a brief hearing to investigate the issue by questioning William Tinsley. Based on the specific facts of this case, notably the multiple hearsay, the trial court did not abuse its discretion by failing to conduct a further investigation, approve appellant's request for an investigator and/or grant appellant's motion for a mistrial. Accordingly, the first assignment of error is overruled.
In the second assignment of error, appellant argues that prosecutorial misconduct occurred during the trial in two respects: (1) failure of the prosecution to timely disclose discovery and (2) improper statements made by the prosecutor during closing argument. We address each issue separately.
Appellant first complains that he did not learn about inconclusive fingerprint test results on the sawed-off shotgun until Detective Ed Buns testified at trial. First, a test result which fails to produce fingerprints of appellant, or anyone else, is not generally exculpatory. See State v. Lott (1990), 51 Ohio St.3d 160,175. The failure to disclose the results of inconclusive fingerprint test results, at least in this context, does not constitute a Brady violation. See, generally, Brady v. Maryland
(1963), 373 U.S. 83, 83 S.Ct. 1194. Second, to the extent the absence of fingerprints on the shotgun had any material value to the defense, the jury was made aware of this fact during trial. We fail to see how the failure to disclose inconclusive fingerprint test results materially affected appellant's presentation of an alibi defense. Id. at 87, 83 S.Ct. at 1196-97. Finally, the Supreme Court of Ohio "has articulated clearly * * * that Brady applies only in situations where information known to the prosecution but unknown to the defense is discovered aftertrial." (Emphasis in original). State v. Brown (1996), 112 Ohio App.3d 583,595, citing State v. Wickline (1990), 50 Ohio St.3d 114,116. In this case, the prosecutor mentioned the inconclusive fingerprint results during his opening statement.
The other evidence in issue consisted of photographs of boot prints taken close to the crime area. This evidence was also introduced during the testimony of Detective Ed Buns. The March 9, 1998 response to appellant's pretrial discovery request indicates that "photographs" were "[a]vailable for inspection with appointment with undersigned." See Crim.R. 16(B) (1) (c). The prosecutor indicated that appellant's trial counsel only requested to see the money recovered. Accordingly, this court cannot say the trial court abused its discretion by denying appellant a mistrial based on appellant's allegations of prosecutorial misconduct during discovery.
Finally, appellant argues that the prosecutor made improper comments during closing argument. Specifically, appellant objected to the prosecutor commenting on the (1) truthfulness or lack there of of appellant's alibi witnesses and (2) that the prosecutor was "ambushed" by the late disclosure of appellant's alibi.[1] As to the truthfulness of alibi witnesses, the prosecutor did not vouch for the truthfulness of these witnesses. When the closing argument is read in context, it is clear that the prosecution referenced the evidence at trial when he concluded that appellant's alibi witnesses were not truthful. State v.Richey (1992), 64 Ohio St.3d 353, 362 (prosecutors are entitled to latitude as to what the evidence has shown and what inferences can be drawn therefrom). In other words, the prosecution was making valid inferences from the evidence at trial, not expressing his personal opinion of witnesses' truthfulness.
The trial court noted that it was improper for the prosecution to comment on the date appellant's alibi was disclosed to the prosecution and sustained an objection by appellant's trial counsel to those comments. The comments of the prosecutor, although inappro priate, were brief. A curative instruction was not requested by appellant and, in any event, would likely have drawn more attention to the comment. In the context of the entire closing argument and trial, appellant was not unfairly prejudiced. Thus, the second assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] Pursuant to Crim.R. 12.1, a defendant must file a notice of alibi not less than seven days before trial.